```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 08-14164-CIV-GRAHAM
                                    MAGISTRATE JUDGE P. A. WHITE
```

SIEGFRIED GILBERT CHRISTMAN, :

    Plaintiff, :

v. :           REPORT OF
                                        MAGISTRATE JUDGE

GOVERNOR CHARLIE CRIST, :
ET AL.,

    Defendants. :
_____

## I. Introduction

On May 8, 2008, Siegfried Gilbert Christman filed a pro se complaint pursuant to 42 U.S.C. §1983. [DE# 1]. The plaintiff is proceeding in forma pauperis.

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding in forma pauperis.

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

    Sec. 1915 Proceedings in Forma Pauperis

              \*   \*   \*

    (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid,

>     the court shall dismiss the case at any time
>     if the court determines that –
>
>         *   *   *
>
>     (B) the action or appeal –
>
>         *   *   *
>
>     (i)  is frivolous or malicious;
>
>     (ii) fails to state a claim on which
>     relief may be granted; or
>
>     (iii) seeks monetary relief from a
>     defendant who is immune from such
>     relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the

plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007). While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

The plaintiff alleges that he is awaiting trial on DUI charges in St. Lucie County. He claims that his trial is being delayed because the Judicial Administrative Commission ("JAC"), which specifies the rate paid to witnesses in indigent state criminal proceedings, does not allow sufficient funds to pay for his needed expert witness. The plaintiff challenges the JAC as violating his constitutional rights to equal protection and speedy trial. The plaintiff seeks monetary damages and equitable relief.

Because the plaintiff states that his criminal proceedings are in progress, this Court cannot entertain the claims herein which attack the constitutionality of the ongoing proceedings. The Supreme Court's decision in Younger v. Harris, 401 U.S. 37 (1971) would generally require this Court to abstain from interfering with the ongoing proceeding. In Younger, a federal plaintiff challenged the constitutionality of a state statute under which he was being prosecuted as a criminal defendant. Citing the doctrine of equity jurisdiction and notions of comity, the Supreme Court established that federal courts should abstain from entertaining lawsuits by individuals seeking to enjoin a criminal prosecution against them in state court. See id. at 44-45. The elements for Younger abstention are as follows: (1) do the proceedings constitute an ongoing state judicial proceeding; (2) do the proceedings implicate important state interests; and (3) is there an adequate opportunity in the state proceedings to raise constitutional challenges. See 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11 Cir. 2003). Younger is applicable to noncriminal judicial proceedings. See Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 717-18(1996);

4

Johannes v. Hunter, 71 Fed.Appx. 74 (9 Cir. 2003); Despart v. Hadi, 2007 WL 70530 (M.D.Fl. 2007). The criminal proceedings brought against the plaintiff are judicial in nature and implicate important state interests. Younger, 401 U.S. at 43. In cases seeking injunctive relief, such as this case, if the elements of Younger are met, the Court must abstain and dismiss the federal action.

In this case, all three elements are present. There are ongoing state judicial proceedings, the proceedings implicate the important state interest of prosecuting criminals, and the plaintiff has an adequate opportunity to raise his constitutional challenge to the JAC in state court. As the state proceedings against the plaintiff commenced prior to the institution of this federal case, the appropriate forum to challenge the validity of the proceedings is in state court.

Moreover, a plaintiff "must allege and prove that the criminal proceeding that gives rise to the action has terminated in favor of the accused" before he seeks relief pursuant to §1983. Uboh v. Reno, 141 F.3d 1000, 1004 (11 Cir. 1998) (emphasis added) (citations omitted). To the extent the plaintiff seeks damages related to matters pertaining to his criminal proceedings, such claims may not proceed in this action. Under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the court must dismiss a complaint brought pursuant to 42 U.S.C. §1983, when the civil rights action, if successful, would necessarily imply the invalidity of a plaintiff's detention, unless the plaintiff demonstrates that the reason for the detention has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. §2254.

Heck applies pre-conviction to bar damage claims which, if successful, would necessarily imply the invalidity of a potential conviction on a pending criminal charge. Uboh, supra at 1006; see also Edwards v. Balisok, 520 U.S. 641, 648 (1997) (a prisoner's "claim for [both] declaratory relief and money damages" that necessarily implies the invalidity of the action taken against the prisoner "is not cognizable under §1983" unless such action has previously been overturned). The plaintiff's claim for monetary damages is premature and thus not cognizable under §1983 at this time.

### III.  Conclusion

Based on the foregoing, it is recommended that the Complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted, and the case be closed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 14th day of May, 2008.

_____
UNITED STATES MAGISTRATE JUDGE


cc: Siegfried Gilbert Christman, Pro Se
    104 Rockland Drive
    Fort Pierce, FL 34947